## MATTER OF LEE

In Section 13 Proceedings, Act of Sept. 11, 1957

### A-13849129

*Decided by District Director March 1, 1965*

Statutory eligibility for adjustment of status to that of a permanent resident pursuant to the provisions of section 13, Act of September 11, 1957, is established notwithstanding applicant's admission to the United States as a nonimmigrant under section 3(3), Immigration Act of 1924, and subsequent change of status to that of wife of a foreign government official under section 3(1) of that Act, which was automatically changed to that under section 101(a)(15)(A)(1) upon the effective date of the Immigration and Nationality Act.

**Discussion:** The applicant is a 71-year-old native and citizen of China. She was last admitted to the United States on December 5, 1943 as an alien in transit pursuant to section 3(3) of the Immigration Act of 1924. On July 31, 1944, the applicant's status was changed from that of a transit to that of the wife of a foreign government official under section 3(1) of that Act. She was entitled to this status as the wife of the Minister for the Republic of China in Washington, D. C. Her husband held this position until his death on February 21, 1956.

Section 13 of the Act of September 11, 1957 (71 Stat. 642–643) provides for the adjustment of status to that of permanent residents for certain persons who have been admitted to the United States under section 101(a)(15)(A)(i) or (ii), or 101(a)(15)(G)(i) or (ii) of the Immigration and Nationality Act. The applicant was admitted under section 3(3) of the Immigration Act of 1924 and had her status changed to section 3(1) of that act. The change of status is the equivalent of admission under section 3(1), there being no necessary distinction between being granted that status at the border or being granted it within the United States. The classes of aliens described in section 101(a)(15)(A)(i) or (ii) of the Immigration and Nationality Act include some who were formerly in class

3(1) of the Immigration Act of 1924. The applicant's classification was accordingly automatically changed to 101(a)(15)(A)(i) upon the effective date of the Immigration and Nationality Act, December 24, 1952. It is found that notwithstanding that her admission to the United States and her acquisition of the nonimmigrant status of the wife of a foreign government official was under a prior law, the admission and status meet the requirements of section 13 of the Act of September 11, 1957.

The applicant was gainfully employed by the New York Chun Gift Shop, New York City, as a saleswoman, from April 1956 until April 1957. She worked for the Ming Sang Company at 25 Elizabeth Street, New York City, as a sewing machine operator, from November 1959 until March 1961. She is presently supported by her son, Robert C. Lee, who is employed by the Insulation Manufacturing Company, 11 New York Avenue, Brooklyn, New York, with a salary of $500 per month.

The applicant presently resides with her son, Robert, at 430 West 119th Street, Apartment 47, New York 27, New York. She has three children, Robert C. Lee and Rose Lee Kingman, who are United States citizens, and Frank Lee, Jr., who resides on the mainland of China.

The good moral character of the applicant has been established. She is not inadmissible to the United States under the excluding provisions of the Immigration and Nationality Act, except for lack of entry documents. She has fulfilled all of the requirements for eligibility of section 13 of the Act of September 11, 1957. The Secretary of State has no objection to the granting of permanent residence status.

The applicant is chargeable to the quota for Chinese persons, which is oversubscribed. All the evidence of record justifies the conclusion that were she now applying for admission, in possession of appropriate documents, she would be admitted.

*It is ordered* that the status of the applicant be adjusted to that of lawful permanent resident of the United States.

*It is further ordered* that if, during the session of Congress at which this case is reported or the session next following, either the Senate or the House of Representatives passes a resolution unfavorable to the applicant, this order be automatically revoked, and the

applicant be required to depart from the United States in the manner provided by law.

---

*Note:* Section 3(1) of the Immigration Act of 1924 classifies the following aliens, *inter alia*, as nonimmigrants:

"an accredited official of a foreign government recognized by the Government of the United States, his family, attendants, servants and employees,

    \*      \*      \*      \*      \*      \*      \*

Section 101(a)(15)(A) of the Immigration and Nationality Act classifies the following aliens, *inter alia*, as nonimmigrants:

"(i) an ambassador, public minister, or career diplomatic or consular officer who has been accredited by a foreign government recognized de jure by the United States and who is accepted by the President or by the Secretary of State, and the members of the alien's immediate family;

"(ii) upon a basis of reciprocity, other officials and employees who have been accredited by a foreign government recognized de jure by the United States, who are accepted by the Secretary of State, and the members of their immediate families; and

"(iii) upon a basis of reciprocity, attendants, servants, personal employees, and members of their immediate families, of the officials and employees who have a nonimmigrant status under (i) and (ii) above . . ."

As the wife of an accredited high-ranking career diplomatic officer, the applicant was found to be within the class of aliens described in section 101(a)(15)(A)(i) of the Immigration and Nationality Act, and her status was automatically changed to that classification on December 24, 1952.