## MATTER OF VARGAS

In Section 13 Proceedings, Act of September 11, 1957

A-19703291

*Decided by Regional Commissioner May 21, 1973*

Statutory eligibility for adjustment of status to that of a permanent resident pursuant to the provisions of section 13 of the Act of September 11, 1957, is established notwithstanding applicant acquired a change of status to that of a nonimmigrant under section 101(a)(15)(G)(iv) of the Immigration and Nationality Act, subsequent to his failure to maintain nonimmigrant status under section 101(a)(15)(A)(i) of the Act, the status under which he was admitted to the United States.

This case comes forward on certification from the District Director, who denied the application on the ground that the applicant is ineligible for the benefits of section 13 of the Act of September 11, 1957, since he had acquired another nonimmigrant status after he had ceased to be eligible to continue as a nonimmigrant under section 101(a)(15)(A)(i) of the Immigration and Nationality Act.

The applicant is a 63-year-old native and citizen of Costa Rica. He was admitted to the United States on November 25, 1968 under the provisions of section 101(a)(15)(A)(i) of the Immigration and Nationality Act. He served as a Minister Counselor at the Embassy of Costa Rica from the time of his admission to April 30, 1970 when he resigned because of a change in the Government of Costa Rica. From May 4, 1970 to the end of that year, he was employed doing research in Washington, D.C. for the Organization of American States. The Organization notified this Service through the Department of State when he was employed that he was entitled to nonimmigrant status under section 101(a)(15)(G)(iv) of the Immigration and Nationality Act. On July 31, 1970, his status was changed accordingly from that of a nonimmigrant as defined in section 101(a)(15)(A)(i) of the Act, to that as defined in section 101(a)(15)(G)(iv) of the Act. No formal application for this change was required under Service policy, since the request therefor emanated from the Department of State and, pursuant to 8 CFR 248.3(b), no fee was required.

Section 13 of the Act of September 11, 1957 provides in pertinent part that:

Notwithstanding any other provision of law—

(a) Any alien admitted to the United States as a nonimmigrant under the provisions of either section 101(a)(15)(A)(i) or (ii) or 101(a)(15)(G)(i) or (ii) of the Immigration and Nationality Act who has failed to maintain a status under any of those provisions, may apply to the Attorney General for adjustment of his status to that of an alien lawfully admitted for permanent residence.

To meet the above requirements, an alien must have failed to maintain a status under the specified nonimmigrant classes. This he can do, after ceasing to be entitled to one of those classes, by remaining illegally in the United States.

If the alien, without leaving the United States, accepts a new nonimmigrant classification, as in this case, or if he applies for, pays a fee, if required, and obtains a change of nonimmigrant classification, he would, according to the District Director's decision, make himself ineligible for the benefits of section 13 of the Act of September 11, 1957. This would, in effect, penalize an alien for endeavoring to comply with immigration laws by staying in a legal status.

Section 13 of the Act of September 11, 1957 was remedial legislation for aliens who came here to engage in diplomatic or semi-diplomatic employment for a foreign government and who thereafter terminated such employment and desired to remain in the United States. As remedial legislation, a broad interpretation should be given to its provisions if necessary to carry out the intent of Congress. The phrase "who has failed to maintain a status under any of those provisions" contained in section 13 should be construed to include not only one who remained in an illegal status, but also one who acquired a legal status in some other nonimmigrant class pursuant to section 248 of the Immigration and Nationality Act, as amended.

It is found that this construction should be used as a matter of equity and to carry out the purpose of the law. This construction is not in conflict with *Matter of Lee*, 11 I. & N. Dec. 96, in which an alien who had acquired one of the nonimmigrant classes specified in section 13 of the Act of September 11, 1957 by a change of nonimmigrant status, instead of having been admitted in one of those classes, was found to be qualified for the benefits of that section. There, as here, a broad interpretation was applied so that all aliens for whom the benefits of the section were intended would be included.

The Secretary of State, upon consultation, has indicated he has no objection to the granting of permanent resident status. All evidence of record justifies the conclusion that if the applicant were now applying for admission for permanent residence in

possession of appropriate documents, he would be admissible. The applicant is presently employed as a teacher-counselor in bilingual education in a public school system. His good moral character has been established. Granting permanent resident status to him would not be contrary to the national welfare, safety or security. He has fulfilled all the requirements for eligibility under section 13 of the Act of September 11, 1957.

**It is ordered** that the status of the applicant be adjusted to that of lawful permanent resident of the United States.

*It is further ordered* that if during the session of Congress at which this case is reported or the session next following, either the Senate or the House of Representatives passes a resolution unfavorable to the applicant, this order be automatically revoked and the applicant be required to depart from the United States in the manner provided by law.